UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GREGORY,<br><br>            Plaintiff,<br><br>      v.<br><br>E. CLARK, et. al,<br><br>            Defendants. | Case No.: 1:11-cv-00151 JLT (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed on January 20, 2011. (Doc. 4) As is required, the Court now screens the complaint and for the reasons set forth below, the Court **ORDERS** the matter be **DISMISSED** with leave to amend.

**I.      Screening Requirement**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II.   PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.  Plaintiff's allegations

Plaintiff alleges that while housed at Corcoran State Prison on January 7, 2010, he was required to move to a new cell. (Doc. 1 at 4)  At that time, he was required to use a walker for mobility. Id. at 3.  He had been given a medical chrono which restricted from top tier housing because this required him to mount stairs, which he was not able to do. Id.

However, when he arrived at the housing unit, Defendants John Doe, Patrick and England required him to move into a cell on the top tier. (Doc. 1 at 4)  Plaintiff told Patrick and England that he had a medical chrono for a low tier cell. Id. Patrick assured him that he would look into the situation and would provide him a low tier cell if that was the requirement of the chrono. Id. In the meantime, he required Plaintiff to move into the cell on the top tier. Id. Plaintiff contends that while moving, his disability was apparent and the other inmates took note of this and offered to assist him. Id. at 5.  Defendants refused to allow the inmates to help. Id.

Later that evening, Plaintiff complained to the nurse dispensing medications that his placement in the top tier violated his chrono. (Doc. 1 at 5)  The next day, Plaintiff learned he was being rehoused to a low tier cell. Id.  England required him to move his belonging without assistance for inmates who offered to help. Id.  During the move, Plaintiff fell, due to his infirmity, and injured his neck and head and further exacerbating his preexisting back condition. Id.  Plaintiff was unable to move and England and a correctional officer, Parra[1], joked about him until finally calling for medical care about 30

---

[1] Though he takes issue with Parra's conduct, he does not name him as a defendant in this case.

3

1  minutes later.  Id. at 6.   Plaintiff claims this fall caused him permanent injury.[2]  Id. at 6.

2      Plaintiff contends that John Doe was the housing Sergeant and, as such, was required to review chronos to determine whether inmates had specific housing needs before assigning the inmate to a cell. (Doc. 1 at 6)  He contends that Defendant Clark was the Chief Medical Officer and Defendant Macias was the Chief Executive Officer at Corcoran and that the two of them developed a policy which failed to ensure Plaintiff would not be forced to house in a cell which placed his physical safety at risk.  Id. at 5.  He claims Patrick and England should be held liable, presumably, for forcing Plaintiff to house on the top tier despite that he told them he had a low tier chrono.

## IV.   The complaint must be dismissed because it fails to state a claim

### A.   Eighth Amendment – Failure to comply with lower tier chrono

It is unlawful under the Eighth Amendment for prison officials to inflict "unnecessary and wanton infliction of pain" because it violates the prohibition on cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 102-103 (1976). Events caused by mere mistake, inadvertence or negligence does not constitute cruel and unusual punishments.  Whitley, 475 U.S. at 319.

    To demonstrate that cruel and unusual punishment has been inflicted on an inmate "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31, 113 (1993). The Eighth Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982).

    To state a claim for cruel and unusual punishment, the plaintiff must show he suffered a "sufficiently serious" deprivation. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298–299

---

[2] He alleges that the fall made him have to use a walker permanently (Doc. 1 at 6 [" . . . the fall down the stairs has caused permanent injury to mobility, requiring permanent walker in order for Plaintiff to walk and move around"]) but alleged also that he was using a walker at the time of the event. Id. at 3 ("Plaintiff was also mobility impaired, requiring a walker for support in order to walk."). Thus, it is unclear how his fall impacted his condition.

1  (1991). In addition, he must also state facts to demonstrate each defendant caused the deprivation with
2  a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. Under this standard, a prison official
3  must act with deliberate indifference to the inmate's health or safety. Id. at 847.  Thus, a prison official
4  violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm
5  and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

6        Here, Plaintiff contends he told Defendants Patrick and England that he had a medical chrono
7  which required a low tier cell.  (Doc. 1 at 4)  In addition, he alleges that his medical condition was
8  apparent given that inmates housed nearby observed him and demonstrated their recognition of his
9  disability by offering to assist him in moving his personal belongings up the stairs.  Id. at 5. These
10 facts are sufficient to state a claim against Defendants Patrick and England for violation of the Eighth
11 Amendment.

12       On the other hand, Plaintiff complains that John Doe had an obligation to review his chronos to
13 ensure he was provided a cell assignment which was consistent with his medical condition.  (Doc. 1 at
14 6)  He asserts that, despite this, John Doe failed to review the documents but made the housing
15 assignment nonetheless. Id.  However, these are *conclusions,* not facts.  Given this, Plaintiff has failed
16 to demonstrate how or why Plaintiff believes these conclusions are true.  Moreover, his averment that
17 this failure was done deliberately is simply another conclusion.  The housing assignment could, just as
18 easily, have occurred due to negligence or inadvertence which would not constitute a violation of the
19 Eighth Amendment.  Thus, Plaintiff has failed to state facts that would support a claim against John
20 Doe.

21       Plaintiff alleges that Defendants Macias and Clark violated his rights under the Eighth
22 Amendment because they implemented policies and customs that allowed his rights to be violated.
23 While it is true that "[s]upervisory liability exists even without overt personal participation in the
24 offensive act if supervisory officials implement a policy so deficient that the policy itself is a
25 repudiation of constitutional rights and is the moving force of the constitutional violation" (Hansen v.
26 Black, 885 F.2d 642, 646 (9th Cir.1989) (internal quotation marks and citation omitted)), Plaintiff
27 offers no factual support for his conclusion they implemented such a policy, he does not identify the
28 policy nor does he describe the content of the problematic policy. Moreover, he fails to explain how

5

that policy served as the moving force for alleged constitutional violations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief). Thus, Plaintiff fails to state a claim against Defendants Macias and Clark.

### 1. § 1983 claims against employees in their official capacity violates the Eleventh Amendment

Plaintiff names each of the Defendants in their official capacities. (Doc. 1 at 2-3) However, naming an employee in his official capacity is "in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment provides immunity to any State in any type of lawsuit "... in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Therefore, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Therefore, the complaint in the Defendants' official capacities as it relates to the § 1983 claim, is **DISMISSED**.

### B. ADA Claim

The Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.2002). Title II of the ADA applies to state prisons and inmates. Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210-212 (1998); Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir.1997). To state a cognizable claim under the ADA, Plaintiff must allege (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. See Lovell, at 1052. Plaintiff may sue the public entity or an employee acting in his official capacity for damages but may not sue an individual for a violation of the ADA. Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir.2002) (citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d

Cir.2001)); see also Caesar v. Horel, 2010 WL 4393894, at *7 (N.D.Cal. Oct.29, 2010) ("The proper defendants to Plaintiff's disability discrimination claims are the public entities that allegedly denied him equal access to their programs" including the CDCR); Ellington v. Clark, No. 1:09–cv–02141–AWI–DLB PC, 2010 WL 2303333, at *5 (E.D.Cal. June 7, 2010) (because correctional facilities are "public entities" within the meaning of the ADA, the correctional facility, not prison officials or the State of California, is the proper defendant with respect to plaintiff's ADA claim).

Other than mentioning the ADA, Plaintiff fails to allege any facts to demonstrate that the ADA applied in this case or that the entity violated the ADA. Thus, he has failed to state a claim under the ADA. For the same reason, Plaintiff has failed to state a claim under California Government Code section 11135.

## V.  Leave to Amend

In sum, Plaintiff's complaint states cognizable claims only against Defendants Patrick and England for violation of the Eighth Amendment.

Plaintiff may therefore proceed in one of two ways. First, Plaintiff may elect to serve his complaint and pursue only his Eighth Amendment claims against Defendants Patrick and England. Second, Plaintiff may delay service and file an amended complaint, attempting to cure the deficiencies that have been identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citation omitted).

If Plaintiff elects to file an amended complaint, he is warned that he may not change the nature of this suit by adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff is advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

## VI.  CONCLUSION

In accordance with the above, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. Notify the Court in writing that he wishes to proceed only on those claims found cognizable by the Court in this order; or
   b. File an amended complaint attempting to cure the deficiencies identified by the Court in this order.
2. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
3. Plaintiff is warned that failure to comply with this order will result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:   **December 21, 2012**              **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE