# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GREGORY, | Case No. 1:11-cv-00151-AWI-JLT (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE, FOR FAILURE TO PROSECUTE |
| v. | |
| CLARK, et al., | (Docs. 41, 43, 48) |
| Defendants. | OBJECTIONS DUE WITHIN 20 DAYS |

Plaintiff, Darren Gregory, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 20, 2011. On January 10, 2014, Defendants, England and Patrick filed a motion to dismiss under Federal Rule of Civil Procedure 37(b)(2) based on Plaintiff's failure to provide discovery responses in compliance with this Court's November 21, 2013 Order. (Doc. 41.) On February 26, 2014, Defendants filed a motion for summary judgment under FRCP 56. (Doc. 43.) Plaintiff did not respond to either of Defendants' motions.

On March 12, 2014, an order issued requiring Plaintiff to file oppositions or statements of non-opposition, pursuant to Local Rule 230(*l*), to both of Defendants' motions within twenty-one days. (Doc. 48.) Over a month has now passed and Plaintiff has not complied with, or otherwise responded to the Court's order.[1] Plaintiff was warned that the failure to file a response to

---

[1] It is noted that no mail from this Court to Plaintiff has been returned as unable to be delivered and/or forwarded.

1  Defendants' motions would result in dismissal of the action, with prejudice, for failure to
2  prosecute.  (Doc. 48.)
3      The Court has the inherent power to control its docket and may, in the exercise of that
4  power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los*
5  *Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action
6  for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in
7  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
8  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
9  (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability*
10 *Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These
11 factors guide a court in deciding what to do and are not conditions that must be met in order for a
12 court to take action.  *Id.* (citation omitted).
13     Plaintiff filed this action, but is no longer prosecuting it despite being notified of the
14 requirement to respond via the First Informational Order, the Second Informational Order, the
15 Amended Second Informational Order, and the March 12, 2014 order specifically directing him to
16 respond to both of Defendants' motions.  (Docs. 5, 42, 46, 48.)  The Court cannot afford to expend
17 resources resolving both a motion to dismiss and a motion for summary judgment which are
18 unopposed in a case that Plaintiff is no longer prosecuting.  Based on Plaintiff's failure to comply
19 with or otherwise respond to the March 12, 2014 order, there is no alternative but to dismiss the
20 action for failure to prosecute.  *Id.*  This action, which has been pending since 2011, can proceed
21 no further without Plaintiff's cooperation and compliance with court orders and the action cannot
22 remain idle on the Court's docket, unprosecuted.  *Id.*  Accordingly, the Court HEREBY
23 RECOMMENDS that this action be dismissed, with prejudice, for Plaintiff's failure to prosecute.
24 *In re PPA*, 460 F.3d at 1226; Local Rule 110.
25     These Findings and Recommendations will be submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 20**
27 **days** after being served with these Findings and Recommendations, the parties may file written
28 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 16, 2014**                    **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE